948 F.2d 1291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 91-5209.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges; and GRAHAM, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant was convicted of two counts of violation of the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5042. Specifically, defendant was found guilty of assault resulting in serious bodily injury and assault with a dangerous weapon with the intent to do bodily injury. The only issue raised on appeal involves a claim that the testimony of a government rebuttal witness should have been excluded.
 
 
 2
 Upon a review of the record, we find no error requiring reversal and affirm the conviction.
 
 I.
 
 3
 On November 13, 1989, on the Fort Campbell, Kentucky, military reservation, an argument occurred involving a group of young males. One of those involved was the defendant, a 16 year-old black juvenile. Laurence Switzer, a juvenile white male, was present but was not a participant in the argument. Eventually, the defendant and those allied with him drove away in a white Honda. Switzer and his friends followed in another car but lost sight of the Honda.
 
 
 4
 Later in the evening, one of Switzer's friends, Roger Matlock, was driving him home when they again encountered the Honda. Both cars stopped, and according to Switzer's account, the defendant got out of the Honda, and as he approached Matlock's car, pulled out a pistol from under his jacket. Matlock, at the urging of Switzer, drove off, but the Honda followed and began repeatedly running into the rear of Matlock's car. Matlock decided to pull into the driveway of a friend's house and the Honda followed.
 
 
 5
 Matlock and Switzer testified that the defendant exited the Honda and began kicking the side of Matlock's car. Switzer got out and the defendant said something to the effect that, "You're one of them," and struck Switzer with his fist. Switzer retaliated, at which time the defendant drew his pistol, and Switzer ran to the house. The defendant fired twice, the first shot narrowly missing Switzer's head and the second shot hitting him in the side and causing serious injury.
 
 
 6
 During the period of time Switzer was recuperating, both he and Matlock, on separate occasions, looked through the yearbook of a local high school and both picked out a picture of the defendant. Switzer subsequently selected the defendant from a photo spread shown to him by an officer investigating the case. Both Switzer and Matlock testified at defendant's trial and each made an in-court identification.[1]
 
 
 7
 To counter this damaging evidence, the defendant presented an alibi defense, claiming he was at home during the time period when the shooting occurred. Defendant's mother and aunt supported his alibi. The government called a rebuttal witness who testified that he believed he saw the defendant at a supermarket during the time period he was allegedly at home with his family. This rebuttal witness could not identify the defendant in court, however.
 
 II.
 
 8
 Rule 12.1(a) of the Federal Rules of Criminal Procedure provides that a defendant must serve notice of his intention to rely on an alibi defense. The rule further provides that "[s]uch notice ... shall state ... the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi." The rule mandates reciprocation, however, and Rule 12.1(b) requires that the government, at least ten days before trial, must serve a written notice upon the defendant "stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied upon to rebut testimony of any of the defendant's alibi witnesses."
 
 
 9
 The defendant served an appropriate Rule 12.1 notice, and the government responded. However, the government's response listed only the witnesses who would place the defendant at the scene of the offense and did not list the rebuttal witness. It was error on the part of the government to do so, but the question we have to determine is the effect, if any, of this error on the outcome of the trial.
 
 
 10
 When the rebuttal witness, Gregory Morris, Jr., was called to testify, the following colloquy took place:
 
 
 11
 MR. FREELAND [defense counsel]: Your Honor, may I interpose an objection at this time?
 
 
 12
 THE COURT: Yes.
 
 
 13
 MR. FREELAND: Back sometime back, I'm trying to find a date when I was requested by the government's counsel to do so, I provided the government with the names and addresses of my alibi witnesses--
 
 
 14
 CAPT. STRUNCK: He did.
 
 
 15
 MR. FREELAND: --who would testify. And as the rule provides, I requested government counsel to furnish me with the names and addresses of the persons whom he was going to use to prove that the defendant was present and not where his alibi witnesses would say he was. And he did provide me with some names and this witness' name I don't think was furnished to me at that time.
 
 
 16
 .............................................................
 
 
 17
 ...................
 
 
 18
 * * *
 
 
 19
 CAPT. STRUNCK: Your Honor, this witness is not going to place the defendant at the scene of the shooting. This witness, I expect, will place the defendant at a grocery store sometime before the shooting. This witness is basically at this point an impeachment witness.
 
 
 20
 THE COURT: Who's he rebutting?
 
 
 21
 CAPT. STRUNCK: He's rebutting the testimony of the defendant in particular.
 
 
 22
 MR. FREELAND: Well, my alibi witnesses have testified that the defendant was at his home in Clarksville, Tennessee during the entire evening and what this witness is going to testify to, of course, is in direct contradiction to that and I believe under the rule I should have been informed as to the existence of this witness.
 
 
 23
 .............................................................
 
 
 24
 ...................
 
 
 25
 * * *
 
 
 26
 THE COURT: I will take it under advisement. I will let the government offer the proof by way of proffer, I will then study the rule.
 
 
 27
 MR. FREELAND: Let me--
 
 
 28
 THE COURT: I will consider what this witness says and determine whether or not in fact his testimony is set to rebut an alibi witness or otherwise.
 
 
 29
 MR. FREELAND: Just a minute, Your Honor, let me cite you the rule--it's Criminal Rule 12.1.
 
 
 30
 THE COURT: Thank you.
 
 
 31
 CAPT. STRUNCK: I'm sorry, Your Honor, you said now by way of proffer or you want me to ask him the questions?
 
 
 32
 THE COURT: I will either--his answers as the proffer of the truth. After he has testified I will review the rule, I will review his testimony and I will determine whether or not it is proper in light of the rule to consider the testimony as substantive evidence in the case.
 
 
 33
 (App. 71-73).
 
 
 34
 Since this was a bench trial, the procedure adopted by the trial judge was a permissible one. Unfortunately, the judge never made a ruling, and neither defense counsel nor the prosecutor asked to have the matter revisited. Notwithstanding this fact, we find no prejudicial error for four reasons.
 
 
 35
 First, the trial judge in deciding the case did not allude in any way to the testimony of the rebuttal witness. There is no indication that that testimony played any part in the decision to find the defendant guilty.
 
 
 36
 Second, the rule has always been that when inadmissible evidence is introduced in bench trials, unless it affirmatively shows in the record that the trial judge relied on such evidence, any error in admitting the testimony shall be deemed harmless.
 
 
 37
 Third, the rebuttal testimony was weak and equivocal and would have received little or no consideration by the experienced trial judge who presided over this bench trial.
 
 
 38
 The final and perhaps most important reason is that the identification evidence was more than ample to place defendant at the scene of the offense beyond a reasonable doubt. In the space of a short time on the evening of the shooting, both Switzer and Matlock had three separate occasions to observe the defendant at close range. Switzer actually engaged in a brief fist fight with the defendant. In addition, the photo identification evidence supports the finding that the defendant was, in fact, the assailant.
 
 
 39
 AFFIRMED.
 
 
 
 *
 The Honorable James L. Graham, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 A third witness who testified for the government also selected the defendant from a photo spread but was unable to make an in-court identification